12-4631 (L)
Boraj v. Holder

BIA
Gordon-Uruakpa, IJ
A087 560 858

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of March, two thousand fourteen.

PRESENT:
> JOSÉ A. CABRANES,
> GERARD E. LYNCH,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

QAMIL BORAJ,
> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

12-4631 (Lead);
13-728 (Con)
NAC

_____

FOR PETITIONER: Michael P. DiRaimondo, DiRaimondo & Masi, LLP, Melville, NY.

FOR RESPONDENT: Stuart F. Delery, Assistant Attorney General; Leslie McKay, Assistant Director; Sara J. Bergene, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of these petitions for review of decisions of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review in Dkt. No. 12-4631 (L) is GRANTED in part and DENIED in part and the petition for review in Dkt. No. 13-728 (Con) is DISMISSED as moot.

Petitioner Qamil Boraj, a native and citizen of Albania, seeks review of a November 14, 2012, order of the BIA, denying withholding of removal and reversing the April 7, 2011, decision of an Immigration Judge ("IJ"), which granted asylum and relief under the Convention Against Torture ("CAT"), *In re Qamil Boraj*, No. A087 560 858 (B.I.A. Nov. 14, 2012), *rev'g* No. A087 560 858 (Immig. Ct. N.Y. City Apr. 7, 2011), and a February 15, 2013, decision of the BIA denying his timely motion to reopen, *In re Qamil Boraj*, No. A087 560 858 (B.I.A. Feb. 15, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

## I.   Petition for Review in Dkt. No. 12-4631 (L)

Under the circumstances of this case, we review only the decision of the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

*A. Economic Persecution*

The BIA correctly concluded that Boraj had not established that his termination from the police department constituted a severe economic disadvantage amounting to economic persecution. In *Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61(2d Cir. 2002), we noted that "an asylum applicant must offer some proof that he suffered a 'deliberate imposition of substantial economic disadvantage.'" Id. at 70 (quoting Chan v. INS, 195 F. 3d 198 (4th Cir. 1998)). There, Guan failed to meet that standard because he offered "[n]o testimony or other evidence . . . regarding [his] income in China, his net worth at the time of the fines, or any other facts that would make it possible[] to evaluate his personal financial circumstances in relation to the fines." Id. Here, Boraj failed to present any testimony or evidence bearing on his personal financial situation or his subsequent private sector employment from which to assess the economic impact of his termination. His evidentiary proffer was therefore insufficient to sustain the IJ's finding of severe economic harm. *See Guan Shan Liao*, 293 F.3d at 70 ("Absent this sort of proof, we cannot assess whether or not the fines constituted a substantial disadvantage to him.").

3

*B. Asylum & Withholding of Removal Due to Fear of Gangs*

Because the IJ erroneously granted Boraj asylum based on his claim of economic persecution, the IJ did not address Boraj's alternative claim that he was eligible for asylum or withholding of removal on the basis of his fear of persecution by gangs. Rather than remand the matter for further fact finding by the IJ, the BIA denied relief based on its own determinations that Albanian authorities were not unwilling or unable to control the gang members Boraj feared, and that Boraj was targeted by the gangs as criminal retaliation for his actions against them as a police officer, rather than on a account of his membership in a particular social group. Such independent fact-finding by the BIA violates 8 C.F.R. § 1003.1(d)(3)(iv), which provides that "[e]xcept for taking administrative notice of commonly known facts such as current events or the contents of official documents, the Board will not engage in factfinding in the course of deciding appeals." *See also Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 296 (2d Cir. 2006) ("[T]he BIA may only review the IJ's factual findings to determine whether they are clearly erroneous, and may not engage in fact-finding, other than taking administrative

4

notice of commonly known facts"); 8 C.F.R. § 1003.1(d)(3)(i) ("The Board will not engage in de novo review of findings of fact determined by an immigration judge.").

The BIA's fact-finding here is particularly troubling because it ignored several of the IJ's conclusions including (1) that Boraj's alleged persecutor, Adrian Malasi, successfully bribed a prosecutor and secured release even though he was arrested for threatening Boraj's life at gunpoint, (2) that four of the six other police officers in his unit had been murdered in Albania, and (3) that Boraj credibly testified that gang leader Lester Aliko had also sought to recruit Boraj into Aliko's criminal organization. Those facts might support a conclusion that Malasi and Aliko targeted Boraj for his perceived membership in a political or social group, and the BIA erred by not allowing the IJ to conduct this contextual analysis in the first instance.

In sum, although we express no view regarding the ultimate merits of Boraj's claim, we vacate the BIA's denial of asylum and withholding of removal on the basis of Boraj's fear of persecution by gangs with instruction to remand to the IJ for consideration of this alternative ground for asylum. *See* 8 C.F.R. § 1003.1(d)(3)(i), (iv); *Xian Tuan Ye*, 446 F.3d at 296.

5

Because substantial time has elapsed since the November 2010 merits hearing, the parties should be afforded the opportunity to supplement the record with recent evidence of country conditions on remand. *See Secaida-Rosales v. I.N.S.*, 331 F.3d 297, 312-13 (2d Cir. 2003) (holding that because a significant amount of time had passed since the IJ's initial ruling, the record should be supplemented with evidence of current country conditions on remand), *overruled in part on other grounds by Xiu Xia Lin v. Mukasey*, 534 F.3d 162 (2d Cir. 2008).

*C.  CAT Relief*

The BIA concluded that the IJ erred in granting CAT relief because Boraj had not established that Albanian authorities would acquiesce in his prospective torture by gang members. *See Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir. 2004).  As with the BIA's treatment of the record supporting Boraj's claim for asylum, this finding was predicated on an improper *de novo* review of the IJ's factual determinations. *See* 8 C.F.R. § 1003.1(d)(3)(i), (iv); *Xian Tuan Ye*, 446 F.3d at 296.  The IJ concluded that Boraj had established governmental acquiescence because Malasi successfully bribed the prosecutor's office to release him after he was arrested for threatening Boraj's life at

6

gunpoint and the State Department's Country Reports indicated that "police corruption and impunity persisted in Albania." The BIA substituted its own view of the country conditions evidence for that of the IJ based solely on an abstract review of the country conditions evidence without regard to Boraj's credible testimony concerning Malasi's bribes to the prosecutor's office and the murder of four of the six other police officers in his unit. As we noted in *Delgado v. Mukasey*, 508 F.3d 702(2d Cir. 2007), the BIA commits error when it "deal[s] with [a claim of] fear of future persecution entirely in the abstract." *Id*. at 706.

II.  Petition for Review in Dkt. No. 13-728 (Con)

Because we have already concluded that Boraj should be permitted to supplement the record with current evidence of country conditions as a consequence of the partial grant of his petition in No. 12-4631, his challenge to the BIA's subsequent denial of reopening is moot. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997).

For the foregoing reasons, the petition for review in Dkt. No. 12-4631 (L) is DENIED in part, as it relates to the BIA's economic persecution finding, and GRANTED in part, as it relates to the BIA's denial of asylum, withholding of removal, and CAT relief due to Boraj's fear of persecution

7

by gangs.  The petition for review in Dkt. No. 13-728 (Con) is DISMISSED as moot.  Boraj's pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk